# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| NATHAN DARRELL NEIGHBORS | § | |
| VS. | § | CIVIL ACTION NO. 1:13cv397 |
| RALPH MYER | § | |

## MEMORANDUM OPINION REGARDING VENUE

Plaintiff Nathan Darrell Neighbors, an inmate currently confined in the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Ralph Myer, an attorney for Lehigh, Inc.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

### Factual Background

Plaintiff claims defendant Myer knew the rope from Home Depot was purchased at 1151 Bridgewood Drive in Fort Worth, Texas. Plaintiff claims Myer knew he was at Home Depot on the night of the robbery, and he was put in jail so they could not have a trial. Plaintiff claims there was a conspiracy to make sure he did not go to trial.

### Analysis

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28

U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curiam*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose. Plaintiff's claims arose in Fort Worth, Texas. Fort Worth is located in Tarrant County, Texas which is in the Northern District of Texas. Further, while plaintiff does not state an address for the defendant, defendant Myer apparently resides in Fort Worth, Texas where the claim arose.

Pursuant to 28 U.S.C. § 124, Tarrant County is in the Fort Worth Division of the Northern District of Texas. As Tarrant County is located in the Northern District of Texas, venue in the Eastern District of Texas is not proper.

When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This case should be transferred to the Northern District of Texas, Fort Worth Division. An appropriate order so providing will be entered by the undersigned.

**SIGNED** this 28 day of June, 2013.

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE